## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2017, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian J. Johnson
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph E. Haselden,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 20, 2017

Court of Appeals Case No.
32A01-1705-CR-1141

Appeal from the Hendricks Circuit Court

The Honorable Daniel F. Zielinski, Judge

Trial Court Cause No.
32C01-1508-CM-1057

**Bailey, Judge.**

# Case Summary

[1] Joseph E. Haselden ("Haselden") appeals his conviction for Operating a Vehicle While Intoxicated, as a Class A misdemeanor.[1] He presents the sole issue of whether the trial court abused its discretion by admitting a toxicology report despite Haselden's objection that his blood draw had been obtained pursuant to a search warrant unsupported by probable cause of his intoxication.[2] We affirm.

# Facts and Procedural History

[2] At approximately 2:00 a.m. on July 1, 2014, Brownsburg resident Stanley Bell ("Bell") heard a blaring car horn in his front yard. Upon investigation, Bell discovered Haselden unconscious behind the wheel of his vehicle, which had crashed and rolled. Bell called 9-1-1.

[3] Brownsburg Police Officers Joe Fults and David Marcum were dispatched in response to Bell's call. They found Haselden, who had regained consciousness, with blood running down his face and his vehicle "crushed around him." (Tr. at 38.) Haselden reported that his girlfriend had been with him and wanted the officers to locate her. After the search effort was unavailing, Officer Marcum

---

[1] Ind. Code § 9-30-5-2(b).

[2] Haselden has not asserted a lack of probable cause that he was operating a vehicle.

used Haselden's cell phone to contact Haselden's girlfriend. She advised the officer that Haselden had already dropped her off at home.

[4] Haselden also stated that he believed he was in Mooresville, headed home to Avon. Based upon Haselden's disorientation, dilated pupils, slurred speech, and relative lack of injuries (indicating that he likely had not braced himself), Officer Marcum suspected that Haselden was intoxicated. As Haselden was being transported to a hospital, Officer Marcum applied for a search warrant to procure a blood draw from Haselden.

[5] Officer Marcum used a pre-printed Affidavit for Blood Draw form, checking boxes indicating that he was investigating a motor vehicle crash, the driver had operated a vehicle involving a fatality or serious bodily injury, and the driver had exhibited slurred and lethargic speech and dilated eyes. Erroneously, Officer Marcum also checked a box indicating that serious bodily injury had been sustained by someone other than the driver.[3]

[6] The requested search warrant was issued approximately ninety minutes after the crash. A hospital phlebotomist drew Haselden's blood sample at around 4:15 a.m., and it was submitted to the Indiana Department of Toxicology for analysis. Testing revealed that Haselden had a blood alcohol content of 0.18

---

[3] Haselden does not claim that the mistake was deliberate.

grams of alcohol per 100 milliliters of blood. His blood also tested positive for benzodiazepines and opiates.

[7] Haselden was charged with Operating a Vehicle While Intoxicated and Operating a Vehicle with an Alcohol Concentration of 0.15 or greater, and subsequently filed a motion to suppress the toxicology results. Following a hearing conducted on March 7, 2016, Haselden's motion to suppress was denied. He was tried in a bench trial conducted on April 10, 2017. The trial court entered a judgment of conviction upon the charge of Operating a Vehicle While Intoxicated and sentenced Haselden to thirty days to be served in a Community Corrections program. This appeal ensued.

# Discussion and Decision

[8] At his bench trial, Haselden objected to the admission of the blood test results obtained during his hospitalization pursuant to the warrant requested by Officer Marcum. Haselden argued that Officer Marcum's documented observations that Haselden had dilated pupils and slurred speech did not amount to probable cause supporting the issuance of the warrant and thus Haselden's blood was obtained in violation of his constitutional rights. On appeal, he suggests that slurred, lethargic speech and pupil dilation are consistent with a medical condition or accidental injury and contends that, in his case, these manifestations have no established nexus to intoxication.

[9]     We review a trial court's determination as to the admissibility of evidence for an abuse of discretion. *Clark v. State*, 994 N.E.2d 252, 259-60 (Ind. 2013). We will reverse only where the decision is clearly against the logic and effect of the facts and circumstances before the trial court and the error affects a party's substantial rights. *Id.* at 260.

[10]    The Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution require that a search warrant be supported by probable cause. *See Combs v. State*, 895 N.E.2d 1252, 1255 (Ind. Ct. App. 2008), *trans. denied*. In deciding whether to issue a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit … there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Query v. State*, 745 N.E.2d 769, 771 (Ind. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Probable cause determinations "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Gates*, 462 U.S. at 231.

[11]    The duty of the reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. *Query*, 745 N.E.2d at 771. A substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *Id.* A "reviewing court" in this context includes both the trial

court ruling on a motion to suppress and an appellate court reviewing that decision. *Id.* In conducting our review, we consider only the evidence presented to the issuing magistrate and not post hoc justifications for the search. *Id.* "[T]he amount of evidence needed to supply probable cause of operating while intoxicated is minimal[.]" *Hannoy v. State*, 789 N.E.2d 977, 989 (Ind. Ct. App. 2003).

[12] Officer Marcum checked boxes on the Affidavit for Blood Draw form[4] and supplied additional text to the extent that the magistrate was informed: (1) Haselden was the sole occupant of a vehicle that had been "involved in a fatal or serious bodily injury crash,"[5] (2) he was found seated behind the wheel, (3) he had speech that was "slurred and lethargic," and (4) his "eyes were dilated." (Exhibits, pgs. 9-10.) Haselden observes that Officer Marcum did not claim to have detected an odor of alcohol emanating from Haselden or his vehicle. Haselden then insists that the description of his physical manifestations is inadequate to establish probable cause of his intoxication.

[13] We acknowledge that slurred speech and pupil dilation may stem from causes other than substance use. However, these physical manifestations may also suggest intoxication. In this instance, a police officer with several years field experience swore under oath that Haselden's physical presentation caused the

---

[4] The use of boilerplate language is valid "as long as the affidavit contains sufficient facts specific to the search at issue to establish probable cause[.]" *Rios v. State*, 762 N.E.2d 153, 160 (Ind. Ct. App. 2002).

[5] This language appears in a checked box separate from the box that was checked in error.

officer to suspect intoxication. It would have been preferable for the officer to include other information known to him at the time; for example, Haselden was so disoriented that he believed his girlfriend was still with him and that he was in a different town. Despite this omission, however, we find the information given to be adequate to permit the magistrate to draw reasonable inferences supporting the determination of probable cause. *See Query*, 745 N.E.2d at 771.

# Conclusion

[14] The magistrate had a substantial basis for concluding that probable cause of Haselden's intoxication existed. Haselden has not shown that the trial court abused its discretion by admitting into evidence Haselden's toxicology report.

[15] Affirmed.

Baker, J., and Altice, J., concur.